OPINION
{¶ 1} David E. Feathers appeals the judgment of the Ashtabula County Court of Common Pleas, dismissing his complaint for an injunction against Richard Gansheimer, Warden of the Lake Erie Correctional Institution, and the officers and/or directors of Management Training Corporation, the operator of that facility. We dismiss the appeal.
 {¶ 2} March 22, 2007, Mr. Feathers, on his own behalf and that of others similarly situated at Lake Erie Correctional, filed a complaint for an emergency *Page 2 
injunction against appellees. Mr. Feathers alleged that appellees were bolting closed the windows in the inmates' living quarters; that the heating and ventilation systems, especially the ducts, were inadequate; that overcrowding occurred due to the alteration of an inmates' day room to a training area for dogs; and, that smoking was being allowed in nonsmoking sections of the facility. Mr. Feathers alleged that these facts gave rise to violations of the Federal Clean Air Act, and constituted cruel and unusual punishment under the Eighth andFourteenth Amendments to the United States Constitution, due to their deleterious effect upon inmates' health.
 {¶ 3} April 30, 2007, appellees moved to dismiss the complaint pursuant to Civ.R. 12(B)(6), on two bases: (1) the complaint was inadequate to support the Eighth Amendment violations claimed; and, (2) Mr. Feathers had an adequate remedy at law for the allegedEighth Amendment violations, rendering injunctive relief improper.
 {¶ 4} May 1, 2007, Mr. Feathers moved for default judgment. May 10, 2007, Mr. Feathers replied to appellees' motion to dismiss; moved the trial court for class certification and to amend the complaint to comply with R.C. 2965.25(A); filed an affidavit of verity/indigency pursuant to R.C. 2965.25, and an affidavit in support of exhaustion of administrative remedies, pursuant to the Federal Prison Litigation Reform Act, 42 U.S.C. Section 1997(e); and, filed supplemental evidence in support of the complaint. May 16, 2007, Mr. Feathers moved to expedite pursuant to Civ.R. 65. May 31, 2007, he filed interrogatories and requests for production to appellees. These were not answered.
 {¶ 5} June 5, 2007, the trial court filed its judgment entry, granting appellees' motion to dismiss. It found that the allegations in Mr. Feather's complaint were *Page 3 
insufficient to support actionable claims under the Eighth Amendment. It further found he had an adequate remedy at law, by pursuing a42 U.S.C. Section 1983 action. June 21, 2007, Mr. Feather noticed this appeal, assigning one error:
 {¶ 6} "THE TRIAL COURT ABUSED IT'S (sic) DISCRETION IN GRANTING DEFENDANT'S (sic) RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION WITHOUT CONSIDERING PETINENT (sic) PLEADINGS AND CONDUCTING AN EVIDENTIARY HEARING THEREOF, DONE CONTRARY TO LAW AND VIOLATES APPELLANT'S RIGHT TO INJUNCTIVE RELIEF IN WHICH TO CORRECT UNCONSTITUTIONAL PRISON CONDITIONS REGARDING VENTIALTION/HEALTH SAFETY ISSUES, IN VIOLATION OF DUE PROCESS, AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTUTION (sic)."[1]
 {¶ 7} In support of his assignment of error, Mr. Feathers argues, as he did in the trial court, that the bolting shut of the windows and lack of ventilation, impose serious health risks to the inmates at Lake Erie Correctional, rising to the level of cruel and unusual punishment in violation of the Eighth Amendment. Appellees counter, as they did below, that the claimed violations are insufficient to rise to the level of "cruel and unusual" punishment, and that the appropriate avenue for redress, if any, is a legal action pursuant to 42 U.S.C. Section 1983. *Page 4 
 {¶ 8} We cannot reach the merits, if any, of the arguments. It has been brought to our attention that on or about December 6, 2007, Mr. Feathers was transferred from the custody of the Lake Erie Correctional Institution to the Portage County jail, evidently to await retrial of the charges leading to his incarceration. See, e.g., State v.Feathers, 11th Dist. No. 2005-P-0039, 2007-Ohio-3024. It is well-recognized that, in order to have standing to obtain injunctive relief, a person must have a personal stake in the injunction sought.Woods v. Oak Hill Community Med. Ctr., Inc. (1999), 134 Ohio App.3d 261,270. "If the plaintiff has already received the relief sought through other channels, the injunction will not result in a tangible good to the plaintiff, removing the need for an injunction and therefore resulting in a lack of standing." Id.
 {¶ 9} In this case, Mr. Feathers has already received, "through other channels," the relief sought. He is no longer incarcerated at Lake Erie Correctional. Consequently, he has no standing to pursue injunctive relief — or this appeal.
 {¶ 10} The appeal is dismissed.
 {¶ 11} The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] This is the assignment of error as set forth in the table of contents to Mr. Feather's brief. It is stated slightly differently in the body of the brief: "THE TRIAL COURT ABUSED IT'S (sic) DISCRETION IN GRANTING DEFENDAT'S (sic) RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR EMERGENCY INJUNCTION WITHOUT CONSIDERING PETINENT (sic) PLEADINGS AND CONDUCTING AN EVIDENTIARY HEARING THEREOF, DONE CONTRARY TO LAW AND IN VIOLATION OF DUE PROCESS AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNTITED STATES CONSTITUTION." We find no operative difference.